**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2068
_____

FAHEEM TARIQ,
                              Petitioner

v.

U.S. ATTORNEY GENERAL

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-752-042)
Immigration Judge:  Leila McNeill Mullican

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2026
Before:  BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed July 15, 2026)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Faheem Tariq petitions for review of a final order of removal issued by the Board of Immigration Appeals. For the following reasons, we will deny the petition.

Tariq is a citizen of Pakistan who, after he entered the United States in 2003, adjusted his status to lawful permanent resident. In 2020, he pleaded guilty to drug offenses in New Jersey state court. *See* N.J. Stat. Ann. § 2C:35-5(a)(1) & § 2C:35-5(b)(5). He was sentenced to five years of probation. Thereafter, Tariq traveled abroad. When he attempted to reenter the United States, the Department of Homeland Security charged him with being inadmissible as, inter alia, a noncitizen convicted of "a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21)." 8 U.S.C. § 1182(a)(2)(A)(i)(II). Tariq conceded his inadmissibility but applied for cancellation of removal.

The Government moved to pretermit the application, arguing that Tariq's conviction was an aggravated felony (illicit trafficking in a controlled substance) that rendered him ineligible for cancellation of removal. The Immigration Judge granted that motion and Tariq appealed. The Board of Immigration Appeals dismissed the appeal, holding that Tariq failed to meet his burden of establishing that his conviction does not qualify as an aggravated felony. Tariq timely filed a pro se petition for review.

We generally lack jurisdiction to review a final order of removal against a noncitizen, like Tariq, who is removable for having committed a criminal offense covered

2

in § 1182(a)(2). *See* 8 U.S.C. § 1252(a)(2)(C); *see also Balogun v. Ashcroft*, 270 F.3d 274, 279 (5th Cir. 2001) (stating that "if an alien is *inadmissible* for having committed offenses specified in § 1182(a), he is *removable* as well"). But we retain jurisdiction to review constitutional claims, "pure questions of law," and "issues of application of law to fact, where the facts are undisputed and not the subject of challenge." *Kamara v. Att'y Gen.*, 420 F.3d 202, 211 (3d Cir. 2005) (citation omitted); *see also* 8 U.S.C. § 1252(a)(2)(D). Tariq challenges the Board's determination that he failed to carry his burden to demonstrate that he was not convicted of an aggravated felony that rendered him ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(a)(3). That issue presents a question of law that we review de novo. *See Chavez-Alvarez v. Att'y Gen.*, 783 F.3d 478, 482 (3d Cir. 2015).

A noncitizen who has been convicted of an aggravated felony is ineligible for cancellation of removal.[1] *See* § 1229b(a)(3). The definition of "aggravated felony" includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)."

---

[1] According to the notice to appear, Tariq obtained lawful permanent resident status in June 2006. The Government does not contest that he has met the other requirements for cancellation-of-removal eligibility, namely, that he had been lawfully admitted for permanent residence for at least five years, and that he resided in the United States continuously for at least seven years after having been admitted. *See* 8 U.S.C. § 1229b(a); *see also* 8 U.S.C. § 1229b(d)(1) (providing that the seven-year period terminates upon commission of an offense referred to in § 1182(a)(2)).

§ 1101(a)(43)(B).  Thus, a state drug conviction constitutes an aggravated felony if "it would be punishable as a felony under the federal Controlled Substances Act [CSA]...." *Evanson v. Att'y Gen.*, 550 F.3d 284, 288 (3d Cir. 2008).

To determine whether a noncitizen's state law drug conviction qualifies as an aggravated felony, we use the categorical approach, *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013), reading the criminal statute "to ascertain the least culpable conduct necessary to sustain a conviction under the statute." *Javier v. Att'y Gen.*, 826 F.3d 127, 130 (3d Cir. 2016); *see also Martinez v. Att'y Gen.*, 906 F.3d 281, 287 (3d Cir. 2018) (stating that "the categorical approach directs us to compare the [drug] schedules at the time of conviction").  If, under that reading, the state statute sweeps more broadly than its federal counterpart, then we must determine if the state statute is divisible—that is, whether it "sets out one or more elements of the offense in the alternative." *Descamps v. United States*, 570 U.S. 254, 257 (2013).

If the statute is divisible, then we may use a modified categorical approach.  *See Larios v. Att'y Gen.*, 978 F.3d 62, 67 (3d Cir. 2020).  Under the modified categorical approach, we may examine certain documents from the record of a conviction "to determine what crime, with what elements, [the noncitizen] was convicted of" before comparing that crime's elements to the corresponding federal offense establishing removability or, in this case, eligibility for cancellation of removal.  *See Mathis v. United States*, 579 U.S. 500, 505-06 (2016) (citing *Shepard v. United States*, 544 U.S. 13, 26

4

(2005)). Those documents include "the charging document and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy, or some comparable judicial record of the factual basis for the plea." *Moncrieffe*, 569 U.S. at 191 (internal quotation marks and citation omitted).

Tariq was convicted of violating N.J. Stat. Ann. § 2C:35-5(a)(1) and § 2C:35-5(b)(5). At the time that he pleaded guilty, those statutes made it "unlawful for any person knowingly or purposely . . . [t]o manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense," § 2C:35-5(a)(1), "[a] substance classified as a narcotic drug in Schedule I or II other than those specifically covered in this section, or the analog of any such substance, in a quantity of less than one ounce including any adulterants or dilutants." § 2C:35-5(b)(5).

The Board agreed with the IJ that "the statute does not necessarily relate to a federal controlled substance because the list of substances included in section 2C:35-5(b)(5) is broader than those included in the Controlled Substances Act." The Board also held that § 2C:35-5(b)(5) is divisible as to drug type because "the identity of the controlled dangerous substance is an 'element' of the offense." The Board therefore applied the modified categorical approach, concluding that Tariq's record of conviction did not identify the specific controlled dangerous substance at issue. And, because the conviction record was inconclusive, the Board held that Tariq did not meet his burden of proving that his conviction does not qualify as an aggravated felony.

5

Tariq argues that his statutes of conviction "are overbroad relative to the federal Controlled Substances Act." Pet'r's Br., 3-4 of 10. The Government counters that, "even assuming Petitioner's statute of conviction is overbroad with respect to the controlled substances covered, it is divisible and an application of the modified categorical approach" is warranted. Resp't's Br., 25 of 53. We agree with the Government that § 2C:35-5 is divisible as to drug type. In *United States v. Abbott*, we held that Pennsylvania's analogous statute is divisible, reasoning that although the Pennsylvania statute criminalizes "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance," "the type of controlled substance involved in a violation of [the statute] alters the prescribed range of penalties." 748 F.3d 154, 158-59. We held, therefore, that "the type of drug, insofar as it increases the possible range of penalties, is an element of the crime. Because [the statute] can be violated by the possession of and intent to distribute many different drugs, the types of which can increase the prescribed range of penalties, the statute includes several alternative elements and is therefore divisible." *Id.* at 159; *see also Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

The New Jersey statutes here, read as a whole, operate in the same manner. *See Air Courier Conf. of Am./Int'l Comm. v. U.S. Postal Serv.*, 959 F.2d 1213, 1217 (3d Cir. 1992) ("We do not . . . construe statutory phrases in isolation; we read statutes as a whole." (citation omitted)). They criminalize possession of controlled substances, *see*

6

N.J. Stat. Ann. § 2C:35-5(a)(1), but impose different penalty ranges depending on the type and quantity of the substance involved. *See* N.J. Stat. Ann. § 2C:35-5(b); *see also* N.J. Stat. Ann. § 2C:43-6 (prescribing different penalty ranges for different degrees of offenses). Because the different controlled substances "carry different punishments, then under *Apprendi* they must be elements." *Mathis*, 579 U.S. at 518.

We therefore conclude that Tariq's statute of conviction is divisible by drug type, and that the drug type can thus be determined by using the modified categorical approach. Accordingly, we look to the record of conviction. The only indication of drug type appears in the indictment, which charged Tariq in Count 10 with an offense involving "less than one ounce" of a "Schedule II narcotic drug[.]" Therefore, the record here is inconclusive as to the drug involved. That proves fatal to Tariq's request for relief because we have held that an "inconclusive record of conviction does not satisfy a noncitizen's burden of demonstrating eligibility for relief from removal." *Syblis v. Att'y Gen.*, 763 F.3d 348, 357 (3d Cir. 2014); *Gutierrez v. Sessions*, 887 F.3d 770, 779 (6th Cir. 2018) (holding "that where a petitioner for relief under the INA was convicted under an overbroad and divisible statute, and the record of conviction is inconclusive as to whether the state offense matched the generic definition of a federal statute, the petitioner fails to meet her burden"); *see also Jean-Louis v. Att'y Gen.*, 582 F.3d 462, 464 n.2 (3d Cir. 2009) ("An alien bears the burden of establishing his eligibility for discretionary cancellation of removal.").

For the foregoing reasons, we will deny the petition for review.[2]

---

[2] The Government's motion for summary disposition is denied.